UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DEARBORN NATIONAL LIFE INSURANCE COMPANY, <br><br> Plaintiff, <br><br> v. <br><br> SUZANNE MAHER; BRITTANY MAHER; and JEREMY MAHER, <br><br> Defendants. | Case No. 1:25-cv-12048 |

## COMPLAINT IN INTERPLEADER

Plaintiff, Dearborn National Life Insurance Company ("Plaintiff" or "Dearborn"), through undersigned counsel, does hereby file this Complaint in Interpleader and states as follows:

### I.     PARTIES

1. Dearborn is an insurance company domiciled in Illinois.

2. Defendant Suzanne Maher ("Suzanne"), was the spouse of Mark Maher ("Decedent"), and is a citizen of the State of Illinois and a resident of Robbins, Illinois.

3. Defendant Brittany Maher ("Brittany") is the daughter of Decedent and is a citizen of the State of Illinois and a resident of Marseilles, Illinois.

4. Defendant Jeremy Maher. ("Jeremy") is the son of Decedent and is a citizen of the State of Illinois and a resident of Batavia, Illinois.

5. Upon information and belief, there have been no estates opened for Decedent.

## II. JURISDICTION AND VENUE

6. This action is brought pursuant to Rule 22 of the Federal Rules of Civil Procedure.

7. This Court has original jurisdiction over this action, pursuant to general federal question under 28 U.S.C. §1331 and pursuant to 29 U.S.C. § 1132(e)(1) because this action arises under the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. § 1001, *et seq.*, a law of the United States.

8. Venue is proper pursuant to 29 U.S.C. §1132(e)(2) and 28 U.S.C. § 1397, because at least one of the defendants resides in this District.

## III. FACTUAL BACKGROUND

9. Decedent was an employee of the Cement Masons Local No. 502 ("Employer"), and a participant in an ERISA-regulated life insurance plan ("Plan").

10. Benefits under the Plan were funded, at least in part, by a group policy basic life and basic life accidental death and dismemberment policy number F024372:1 ("Policy") issued by Dearborn.

11. Dearborn, as the claim administrator for claims made under the Policy, must administer claims in accordance with ERISA and the documents and instruments governing the Plan. 29 U.S.C. §1104(a)(1)(D).

12. ERISA defines a beneficiary as "a person designated by a participant, or by the terms of an employee benefit plan, who is or may become entitled to a benefit thereunder." 29 U.S.C. § 1002(8).

13. The Policy establishes a participant's right to name his or her beneficiary and states that benefits will be paid to the designated beneficiary. A true and correct copy of the Policy is attached hereto as **Exhibit A**.

14. The Policy contains the following provision regarding the payment of benefits when the participant does not have a named surviving beneficiary:

*Facility of Payment*

If no named beneficiary survives *You* or if *You* do not name a beneficiary, *We* will pay the amount of insurance:

1. to *Your* spouse, if living; if not,
2. in equal shares to *Your* then living natural or legally adopted children, if any; if none,
3. in equal shares to *Your* father and mother, if living; if not,
4. in equal shares to *Your* brothers and/or sisters, if living; if not,
5. to *Your* estate.

If any benefits under this provision are to be paid to *Your* estate, *We* may pay an amount not greater than $1,000 to any person *We* consider equitably entitled by reason of having incurred funeral or other expenses incident to *Your* death. Any and all payments made by *Us* shall fully discharge *Us* in the amount of such payment.

(**Exhibit A**, p. 8.)

15. Upon information and belief, Decedent died on December 24, 2023.

16. Pursuant to all the applicable terms and conditions of the Policy, Decedent was insured for a total potential amount of $60,000 ("Death Benefits"), which became payable to the proper beneficiary or beneficiaries upon his death, depending on the circumstances and facts of his death, and subject to all terms and conditions of the Policy.

17. Based on the information available some or all of the Death Benefits are payable.

18. Decedent's effective beneficiary designation names Suzanne as the primary beneficiary. A true and correct copy of the Decedent's beneficiary designation is attached hereto as **Exhibit B**. There are no other beneficiaries named.

19. Upon information and belief, the police department is still considering whether to bring charges against Suzanne for second-degree homicide and aggravated domestic battery or similar charges related to the death of Decedent.

20. To the extent it is applicable, the Illinois Probate Act of 1975, known as the "slayer statute," provides that "[a] person who intentionally and unjustifiably causes the death of another shall not receive any property, benefit, or other interest by reason of the death." 755 Ill. Comp. Stat. 5/2-6.

21. Federal common law likewise precludes a slayer from receiving insurance proceeds and other benefits. *See, e.g.*, *Caterpillar Inc. v. Estate of Lacefield-Cole*, 520 F. Supp. 2d 989, 996 (N.D. Ill. 2007) ("Though there is no federal slayer statute, the equitable principle that underlies such statutes is unquestionably part of federal common law.")

22. Suzanne has not disclaimed the Death Benefits.

23. If Suzanne is precluded by applicable law from taking the Death Benefits, Dearborn would pay the Death Benefits to Brittany and Jeremy under the Facility of Payment Provision.

24. Dearborn cannot determine whether a court would find that Suzanne or Brittany and Jeremy are the proper beneficiaries of the Death Benefits.

25. Conflicting issues of fact and law exist as to the proper beneficiary of the Death Benefits and Dearborn has, therefore, been unable to determine who is entitled to the Death Benefits without risking potential exposure to multiple liabilities.

26. Dearborn is now, and at all times has been, ready and willing to pay the Death Benefits to the party legally entitled to them.

27. Dearborn is merely a stakeholder and claims no beneficial interest in the Death Benefits, except for the payment of its reasonable attorneys' fees and costs incurred in bringing this action for interpleader.

28. Dearborn cannot determine the proper beneficiary of the Death Benefits without assuming the responsibility of determining doubtful questions of fact and law, and without incurring the risk of being subject to costs and expenses in defending itself in multiple suits or the possibility of multiple payments of the amount due.

**WHEREFORE**, Dearborn respectfully requests that the Court:

A. Permit Dearborn to remit the payable Death Benefits into the registry of this Court;

B. Order defendants to answer and present their claims to the Death Benefits;

C. Issue an Order enjoining and restraining Defendants from instituting or prosecuting any action or proceeding in any State or United States court against Dearborn, the Employer, or the Plan for the recovery of the Death Benefits;

D. Dismiss Dearborn with prejudice from this action, and discharge Dearborn, the Employer, and the Plan from any further liability upon payment of the Death Benefits into the Registry of this Court, or as otherwise directed by this Court;

E. Permit Dearborn to recover its costs and attorneys' fees in connection with this action; and

F. Order such other and further relief as this Court deems just and proper.

Dated: October 2, 2025               Respectfully submitted,

                                     By: *s/ Matthew B. Wesley*
                                     One of the Attorneys for Plaintiff
                                     **Dearborn National Life Insurance Company**

Matthew B. Wesley, ARDC 6327766
**OGLETREE, DEAKINS, NASH,
 SMOAK & STEWART, P.C.**
56 S. Washington St., Suite 302

Valparaiso, IN 46383
Phone: 219-707-5330
Fax:     219-242-8669
matthew.wesley@ogletree.com